THE BOARD OF CHURCH EXTENSION OF NEBRASKA CONFERENCE OF THE METHODIST PROTESTANT CHURCH IN THE STATE OF NEBRASKA, PLAINTIFF IN ERROR, v. J. D. JOHNSON, DEFENDANT IN ERROR.

No error in the judgment of the district court being shown, the judgment is affirmed.

ERROR to the district court for Lancaster county. Tried below before MITCHELL, J.

*Church Howe, J. C. Watson,* and *R. D. Stearns,* for plaintiff in error.

*O. P. Mason* and *T. M. Marquett,* for defendant in error.

REESE J.

This was an action in ejectment instituted by plaintiff against defendant. Final judgment was rendered in favor of defendant, and plaintiff prosecutes error to this court.

There are four assignments of error in the petition in error. They are as follows :

1.   The finding and judgment of the court below are not sustained by sufficient evidence.

2.   The finding and judgment are contrary to law.

3.   The court erred in admitting incompetent evidence.

4.   Errors of law committed by the court during the progress of the trial.

The only question presented to this court by plaintiff in error is the one contained in the first of the above assignments, and to that alone will we direct our attention.

The real estate in question was originally conveyed by the United States to Julian Metcalf, by patent dated May 10th, 1864.

On the 14th day of May, 1864, Metcalf deeded to John M. Young, and on the 19th day of August of the same year John M. Young conveyed it to Lancaster Seminary. The minutes of this organization show that on the 6th day of January, 1868, the last meeting of the board of trustees of the seminary was held, the following being adopted by said board :

" *Resolved,* That whereas the board of trustees have conveyed to the state of Nebraska all their interest in the town of Lancaster, thus parting with all funds for building a seminary ; therefore we do not deem it necessary to

collect from the school district any more than sufficient to pay the just indebtedness of the seminary. * * Received from the directors of the school district an order on the school district treasurer for twenty-five dollars and $\frac{26}{100}$.

" The secretary is ordered to collect the above warrant, and with the assets on hand pay off all indebtedness.

" Moved, that when this meeting adjourn, it be a final adjournment, and the organization be dissolved."

Although there is nothing in the brief of plaintiff to so indicate, yet we deem it probable that its claim of ownership is founded upon the fact that upon the dissolution of the organization known as " Lancaster Seminary," the title to its property vested at once in plaintiff, or, perhaps, in the conference of the Methodist Protestant church of Nebraska, and through it, in plaintiff.

Defendant claims title through the following conveyances : On the first day of August, 1867, Lancaster Seminary, by its warranty deed, conveyed the property to the state of Nebraska, and on the third day of the same month and year, John M. Young made a quit-claim deed thereof to the state. On the 7th day of December, 1867, the state conveyed to Jason G. Miller, and he, on the 25th of June, 1881, conveyed to defendant. These conveyances, it will be observed, complete the chain of title from the United States to defendant. There is no suggestion by plaintiff in error in its brief, or otherwise, that any of the conveyances through which defendant claims were imperfectly or informally executed ; nor that there was any want of authority or power to convey.

As we have seen, the final dissolution of Lancaster Seminary occurred on the 6th day of January, 1868. Prior to that time—in August, 1867—it had conveyed all its title to the property to the state. At the time of its dissolution it claimed no title, and, so far as the record shows, it had none.

We see no reason why the judgment of the district court is not correct. It is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.